101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
John A. McWILLIAMS, Plaintiff-Appellant,
v.
NEW YORK CITY BOARD OF EDUCATION, Defendant-Appellee.
 No. 95-9047.
 United States Court of Appeals, Second Circuit.
 April 15, 1996.
 
 APPEARING FOR APPELLANT: John A. McWilliams, pro se, Staten Island, N.Y.
 APPEARING FOR APPELLEE: Alan G. Krams, Asst. Corporation Counsel, City of New York Law Dept., New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Before NEWMAN, Chief Judge, and FEINBERG and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant pro se and by counsel for appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.
 
 
 3
 John A. McWilliams appeals pro se from the September 26, 1995, order of the District Court, denying his motion under Fed.R.Civ.P. 60(b) to set aside the September 22, 1994, judgment dismissing, on motion for summary judgment, his claim of employment discrimination.
 
 
 4
 We previously affirmed McWilliams's appeal of the judgment. McWilliams v. New York City Bd. of Education, No. 94-9007 (2d Cir. May 9, 1994). On that appeal, we noted that his claim was not filed administratively, as required, within 300 days of the alleged discrimination. Though McWilliams alleged that he was entitled to equitable tolling of the time period, he alleged no circumstances warranting such tolling. His current challenge asserts that he should now be allowed to file a new administrative complaint (or perhaps renew his claim for tolling as to the original lawsuit) because the New York City Commission on Human Rights ("CCHR") has permitted him to file a new charge, apparently on the basis that his prior visit to the CCHR office in 1989 was the equivalent of a timely filing of a complaint. The CCHR, however, issued a finding of no probable cause and dismissed what may have been deemed a second complaint.
 
 
 5
 The District Court did not exceed its discretion in denying relief under Rule 60(b). No reason appears why McWilliams did not allege at the time of his original lawsuit that he visited the CCHR office in 1989, and was told, as he now claims, that his visit would serve as the equivalent of the filing of a complaint. Since this contention was available on the prior appeal, it may not be asserted now under Rule 60(b). Moreover, we note that the contemporaneous report by the CCHR concerning the 1989 visit reports that the complainant wants to wait until there has been an administrative appeal of his discharge "to decide if he wants to file a complaint with CCHR."
 
 
 6
 The Rule 60(b) motion was properly denied.